# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

RANDI LAFERNEY,          *

      Plaintiff,      *

      vs.            *       CV 210-169

THE CITIZENS BANK OF EAST  *
TENNESSEE, TERRY MORELOCK,  *
and WILLIAM E. PHILLIPS,    *

      Defendants.     *

## ORDER

Presently before the Court is Defendants' Motion to Dismiss. See Dkt. No. 13. For the reasons stated below, the Court orders the parties to file briefs within 14 days of the date of this order addressing the appropriateness of transferring this case to another district pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

Plaintiff Randi Laferney was managing member of Maahr Forest, LLC, a corporation formed to develop a parcel of land in Tennessee into a residential subdivision known as Wildwood at

1

Hughes Farm. See Dkt. No. 1, at 4-5. To finance the project, Maahr Forest obtained a loan from Washington County Bank. Under the terms of that loan, Plaintiff was not personally liable for any of the obligations of Maahr Forest.

Defendants Terry Morelock and William Phillips, both agents of Defendant Citizens Bank, allegedly solicited Plaintiff to do business with Citizens Bank, rather than continue with Washington County Bank. Plaintiff claims that Defendants promised her that while the prospective Citizens Bank loan would have a lower interest rate than the Washington County Bank loan, the two loans would be otherwise identical. Id. at 7-11. Defendants allegedly assured Plaintiff that she would not be personally liable for the loan and pressured her into accepting the loan without providing her with a loan commitment letter outlining the terms of the loan. Id. Contrary to Defendants' alleged promises, however, the terms of the Citizens Bank loan did, in fact, make Plaintiff personally liable for Maahr Forest's obligations. Plaintiff claims that although she became aware of Defendants' misrepresentations prior to signing the loan agreement, she had by that time ended her business relationship with Washington County Bank and had no choice but to agree to Defendants' terms.

Maahr Forest began falling behind on its loan payments in 2009. See id. at 10. Plaintiff claims that Defendants have

AO 72A
(Rev. 8/82)

sought to foreclose on the Wildwood property. Moreover, Plaintiff alleges that while Defendants told her that they would adjust her loan payments, they falsely reported to national credit reporting agencies that Plaintiff was personally late on the payment. As a result of that report, Plaintiff has been unable to refinance the loan.

In filing this lawsuit, Plaintiff claims that Defendants are liable for breach of contract, misrepresentation and fraud, violations of the federal and state RICO statutes, violations of the Georgia Fair Business Practices Act, negligence, violations of O.C.G.A. § 10-5-12, and defamation of credit in violation of the federal and state Fair Credit Reporting laws. See id. at 15-21. Defendants now move to dismiss. See Dkt. No. 13.

## DISCUSSION

In moving to dismiss, Defendants argue, among other things, that the Southern District of Georgia is an improper venue for this lawsuit. See Dkt. No. 13, 13-14.

There are two possible statutory bases for venue in this case. First, the RICO statute itself contains a special venue provision, which applies here because Plaintiff raises a federal RICO claim. See Long v. Sports44.com, Inc., No. 8:06-CV-2384, 2007 WL 3072405, at *5 (M.D. Fla. Oct. 19, 2007)(noting RICO's

venue provision). That provision states,

> Any civil action or proceeding under this chapter
> against any person may be instituted in the
> district court of the United States for any
> district in which such person resides, is found,
> has an agent, or transacts his affairs.

18 U.S.C. § 1965(a).

Although Plaintiff bears the "burden of proving venue" once venue is challenged, Pritchett v. Paschall Truck Lines, Inc., 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010), Plaintiff makes no reference at all to the RICO venue provision, making it unnecessary for the Court to address it here. See Prospect Capital Corp. v. Bender, No. 09 Civ. 826, 2009 WL 4907121, at *2 n.7 (S.D.N.Y. Dec. 21, 2009) (refusing to address possibility of proper venue under RICO venue provision because "none of the parties address this alternative basis for venue over the RICO claims and because [Plaintiff] itself does not appear to premise the propriety of venue . . . on that statute").

The general venue statute, 28 U.S.C. § 1391, provides the other possible basis for venue in this case. The relevant portion of the general venue statute states,

> A civil action wherein jurisdiction is not
> founded solely on diversity of citizenship may,
> except as otherwise provided by law, be brought
> only in
>     (1) a judicial district where any defendant
>     resides, if all defendants reside in the
>     same State,
>     (2) a judicial district in which a
>     substantial part of the events or omissions

> giving rise to the claim occurred, or a
> substantial part of property that is the
> subject of the action is situated, or
> (3) a judicial district in which any
> defendant may be found, if there is no
> district in which the action may otherwise
> be brought.

28 U.S.C. § 1391(b). Without referring specifically to § 1391, Plaintiff states — in the complaint's only reference to venue — that "[v]enue is proper in this Court." Dkt. No. 1, at 4.

The Court disagrees. Disregarding – for the sake of argument – Plaintiff's failure to make any specific factual allegations regarding venue, a review of the general venue statute in light of the facts of this case makes clear that venue is improper here. Section 1391(b)(1) "applies when defendants reside in different districts of the forum state." (888) Justice, Inc. v. Just Enter., Inc., No. 06 CV 6410, 2007 WL 2398504, at *6 (S.D.N.Y. Aug. 22, 2007). In this case, it is beyond dispute that Defendants Morelock and Phillips do not reside in Georgia, rendering § 1391(b)(1) inapplicable.

Section 1391(b)(2) also does not provide a basis for venue. At most, Plaintiff establishes that (1) Defendants maintained a website that could be accessed from Georgia,[1] (2) Defendants at times corresponded with Plaintiff while she was in Georgia, and

---

[1] Plaintiff includes a screen shot of Defendant's website in an apparent effort to demonstrate that Defendants solicit business in Georgia. The contents of the screen shot indicate only that Defendants did, in fact, maintain a website, but make no reference to Georgia or any state other than Tennessee. Ironically, the website's title is "Serving our Citizens of East Tennessee." See Dkt. No. 14, Ex. A.

AO 72A
(Rev. 8/82)

(3) Plaintiff was a Georgia resident at the time of Defendants' alleged conduct. Plaintiff does not allege, however, that any, much less a substantial part, of the misrepresentations and other failures that form the basis of this suit took place in Georgia. Indeed, it is undisputed that the meetings and subsequent loan closing described in this lawsuit all took place in Tennessee. See Dkt. No. 13, 3-4. Moreover, the Wildwood property that served as collateral for the loan is located in Tennessee, not Georgia. Id. at 3. As a result, the Court cannot find that venue is proper under § 1391(b)(2).

Section 1391(b)(3) is also inapplicable to this case because that provision applies only "if there is no district in which the action may otherwise be brought." Plaintiff has made no showing that this action could not be brought in a different district.

Because the Court has determined that venue is improper in this case, the Court turns to 28 U.S.C. § 1406(a), which provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[2] Defendants effectively concede that this lawsuit

---

[2] Regardless of whether "the court has no personal jurisdiction, it may correct venue and jurisdictional defects through transfer of venue pursuant

could have been brought in the Eastern District of Tennessee. See generally Dkt. No. 14. Nonetheless, given that the parties have not briefed whether the interests of justice support transfer of the case, or what other district or districts would be proper, the Court now directs the parties to file briefs addressing those issues within 14 days of the date of this order.

   **SO ORDERED**, this 11th day of June, 2011.


_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

to 28 U.S.C. § 1406(a)." Leach v. Peacock, No. 2:09cv738, 2011 WL 1130596, at *2 (M.D. Ala. March 25, 2011).

AO 72A
(Rev. 8/82)